**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4387

UNITED STATES OF AMERICA,

　　　　　Plaintiff - Appellee,

　　v.

WILLIAM KEVIN GLOVER,

　　　　　Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:22-cr-00066-TSK-MJA-1)

Submitted:  November 3, 2025　　　　　　　　　　　Decided:  August 6, 2026

Before WYNN, RUSHING, and BERNER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Barry P. Beck, POWER, BECK & MATZUREFF, Martinsburg, West Virginia, for Appellant.  Eleanor F. Hurney, Martinsburg, West Virginia, Christie Sue Utt, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Gainesville, Florida, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a four-day trial in March 2024, a jury convicted William Kevin Glover of conspiracy to possess with intent to distribute and distribute fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 ("Count One"); three counts of distribution of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) ("Count Nine"); possession with intent to distribute fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1), (b). The district court sentenced Glover to an aggregate 327-month prison term, which consisted of a 327-month sentence on Count Nine, and 240-month sentences for the remaining counts, all terms to be served concurrently.

Counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), explaining that he has reviewed the record and found no meritorious issues for appeal. Counsel nonetheless identifies five issues for the court's consideration. Specifically, counsel asks this court to determine whether the district court erroneously (1) denied Glover's motion to suppress; (2) denied Glover's pro se motion for self-representation; (3) refused to instruct the jury that Glover could not conspire with a Government agent; and (4) denied Glover's motion for a new trial based on comments made by a potential juror during voir dire. Counsel also asks that we determine whether

2

Glover's sentence is reasonable. Glover has filed a pro se supplemental brief,[1] and the Government declined to file a response brief. Finding no error, we affirm.

## I.      *Motion to Suppress*

"When the district court denies a motion to suppress, we review its legal conclusions de novo and factual findings for clear error, considering the evidence in the light most favorable to the government." *United States v. Henderson*, 136 F.4th 527, 531 (4th Cir. 2025) (internal quotation marks omitted). However, the district court here referred Glover's motion to suppress to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1). And, after a hearing, the magistrate judge recommended that relief be denied and advised Glover that failure to file timely objections to the recommendation would waive appellate review of any district court order based on the recommendation. Despite this warning, Glover did not object to the magistrate judge's recommendation.

The timely filing of specific objections to a magistrate judge's recommendation is necessary to preserve appellate review of the substance of that recommendation when the parties have been warned of the consequences of noncompliance. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985); *see also Thomas v. Arn*, 474 U.S. 140, 148-49 (1985).

---

[1] We have considered the arguments Glover raises in his pro se supplemental brief and find them to be meritless. We also conclude that the district court did not erroneously deny Glover's motion for self-representation. *See United States v. Frazier-El*, 204 F.3d 553, 558-60 (4th Cir. 2000) (affirming district court's order denying defendant's motion to represent himself so defendant could argue "that, as an 'officer in the Moorish Science Temple,' he was not subject to the jurisdiction of a United States district court" because defendant's attempt "to proceed pro se represented efforts to argue matters which would not be permitted by the court" (internal quotation marks omitted)).

We conclude that Glover has forfeited his right to challenge the district court's order denying his motion to suppress by failing to object to the magistrate judge's recommendation. *See United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) (holding "that to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection").

II.    *Jury Instruction*

"We review both the decision to give (or not to give) a jury instruction and the content of an instruction for abuse of discretion." *United States v. Savage*, 885 F.3d 212, 222 (4th Cir. 2018) (internal quotation marks and ellipses omitted). A district court's refusal to give a requested instruction is "reversible error only if the instruction: (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *United States v. Lewis*, 53 F.3d 29, 32 (4th Cir. 1995) (internal quotation marks omitted). Additionally, the defendant must "show that the record as a whole demonstrates prejudice." *United States v. Bartko*, 728 F.3d 327, 343 (4th Cir. 2013). "A party challenging instructions faces a heavy burden, for we accord the district court much discretion to fashion the charge." *Henderson*, 136 F.4th at 533 (internal quotation marks omitted).

Counsel suggests that the district court reversibly erred when it rejected the Government's proposed jury instruction explaining that Glover could not conspire with a government agent. In *Lewis*, this court held that the district court's failure to provide a

4

"government-agent instruction"—explaining that one cannot be convicted of conspiring with a government agent—was reversible error because a "strong possibility" existed that the defendant was convicted for conspiring with government agents: the "bulk of the evidence" consisted of the defendant's interactions with the government agent, and only "conflicting" evidence supported the defendant's conspiracy with another individual. 53 F.3d at 35. Thus, this court was left with "no doubt" that the district court's failure to provide the "government-agent instruction seriously impaired . . . [the] defense." *Id.*

By contrast, we find that there is little, if any, possibility that Glover was convicted of Count One based solely on the testimony regarding the government agents' controlled buys. Indeed, the Government presented substantial evidence that Glover had agreements to sell fentanyl with numerous individuals, and that he was fully aware of—and fully and voluntarily engaged in—the conspiracy to sell the fentanyl. *See United States v. Green*, 599 F.3d 360, 367 (4th Cir. 2010). Moreover, the district court's jury instruction regarding Count One explained that Count One charged Glover *and his three coconspirators* with conspiracy. We thus conclude that the jury was adequately informed that they were to focus on the conduct of Glover and that of his coconspirators, rather than on the government agents' involvement in any of the drug transactions about which the jury was informed. We therefore conclude that the district court did not abuse its discretion when it declined the Government's belated request to provide the government-agent instruction.

5

*III.    Motion for New Trial*

The Federal Rules of Criminal Procedure provide that a district court may, "upon the defendant's motion, . . . vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A district court may grant a new trial only if the verdict: (1) is against the clear weight of the evidence; (2) is based upon false evidence; or (3) will result in a miscarriage of justice." *Hicks v. Ferreyra*, 64 F.4th 156, 171 (4th Cir. 2023) (internal quotation marks omitted).

"When a district court denies a motion for a new trial, we employ a deferential abuse-of-discretion standard, reversing the court's judgment only in exceptional circumstances." *Id.* (internal quotation marks omitted). A "court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

We conclude that the district court did not abuse its discretion when it denied Glover's Rule 33 motion premised on a potential juror's statements regarding her inability to remain impartial.[2]  First, we observe that, after the district court sua sponte dismissed the potential juror, defense counsel raised no objection regarding her dismissal or the statements she made in front of the venire panel. *See United States v. LaRouche*, 896 F.2d

---

[2] When the district court inquired whether any potential jurors could think of any reason why they could not remain impartial in Glover's case, a potential juror indicated that she had a young relative pass away from a heroin and fentanyl overdose.

6

815, 829 (4th Cir. 1990) ("[A] specific objection or request during the *voir dire* process is required to preserve the objection for appeal."). We find counsel's failure to be especially relevant because the district court expressly gave defense counsel an opportunity to raise any concerns during the bench conference, and counsel indicated that no follow-up with any of the jurors was necessary.

Additionally, we find no evidence that the prospective juror's statements prejudiced the jury. The Sixth Amendment guarantees defendants a right to an impartial jury. "Jurors are presumed to be impartial, however, absent indications to the contrary." *United States v. Powell*, 850 F.3d 145, 149 (4th Cir. 2017) (internal quotation marks omitted). Further, "the requirement of impartiality does not mean that jurors need to be totally ignorant of the facts and issues involved," and a district court must merely determine "whether . . . juror[s] can lay aside [their] impression[s] or opinion[s] and render a verdict based on the evidence presented in court." *Id.* (internal quotation marks omitted).

Here, the district court immediately sua sponte dismissed the prospective juror, which prevented any further prejudicial discussion in front of the other prospective jurors. Moreover, the potential juror's statements did not include an opinion regarding Glover's guilt or imply any knowledge about the case, parties, or witnesses. We thus find no evidence that the potential juror's statement created actual prejudice among any of the remaining potential jurors. *See United States v. Tegzes*, 715 F.2d 505, 508 (11th Cir. 1983) (finding no district court error after a potential juror advised the court, in the presence of the other jurors, that her son died of a drug overdose because "Appellants' suggestion that mere awareness of the adverse consequences of crime induces bias toward the defendant

7

is highly speculative and falls far short of the potential actual prejudice which would mandate additional voir dire").

Furthermore, we observe that the district court instructed the jury during voir dire of its duty to reach a verdict based solely on the evidence presented at trial and on the court's instructions regarding the relevant law.  Such instructions are curative in nature and alleviated any concerns of prejudice here.  *See United States v. Hines*, 943 F.2d 348, 353 (4th Cir. 1991) (finding it pertinent to the question of juror impartiality that the trial court expressly instructed all jurors that it was their "duty to judge the case solely on the evidence presented in court").  We therefore find that the "interest of justice" did not require a new trial, and thus conclude that the district court committed no error when it denied Glover's motion for a new trial.

IV.    *Reasonableness of the Imposed Sentence*

We review Glover's "sentence for reasonableness 'under a deferential abuse-of-discretion standard[,]'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)), and we review unpreserved, non-structural sentencing errors for plain error, *see United States v. Lynn*, 592 F.3d 572, 575-76 (4th Cir. 2010).  When reviewing a sentence for reasonableness, we must consider both the procedural and substantive reasonableness of the sentence.  *See Gall*, 552 U.S. at 51.

The court must "review [a] sentence for procedural reasonableness before addressing whether it is substantively reasonable." *United States v. Provance*, 944 F.3d 213, 215 (4th Cir. 2019) (emphasis omitted).  In reviewing a sentence for procedural reasonableness, we must assess whether the district court properly calculated the advisory

8

Sentencing Guidelines range, considered the 18 U.S.C. § 3553(a) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. *See Gall*, 552 U.S. at 49-51; *Lynn*, 592 F.3d at 575-76.

"If, and only if, we find the sentence procedurally reasonable can we consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Provance*, 944 F.3d at 218 (internal quotation marks and alteration omitted). In considering the substantive reasonableness of a sentence, this court "takes into account the totality of the circumstances to determine whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (internal quotation marks omitted). "[A]ny sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir. 2022) (internal quotation marks omitted). A defendant can only rebut that presumption "by showing that the sentence is unreasonable when measured against the . . . § 3553(a) factors." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). Plenary review of the district court record reveals no procedural sentencing error. Furthermore, we discern no basis on which to question the substantive reasonableness of Glover's within-Guidelines range sentence and, thus, affirm the 327-month sentence.

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.

We stress, however, the importance of adequate *Anders* briefing even where counsel believes there are no meritorious issues for appeal. The *Anders* brief serves dual purposes: it assists in deciding whether counsel adequately examined the record and whether there are meritorious arguments for appeal. *Penson v. Ohio*, 488 U.S. 75, 81–82 (1988). To fulfill these functions, an *Anders* brief must sufficiently address both the record of the case and the applicable legal authorities. *Anders*, 386 U.S. at 745.

This court requires that counsel inform Glover, in writing, of the right to petition the Supreme Court of the United States for further review. If Glover requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Glover. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*